UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS A. SHARON, | Case No. 2:22-cv-00453-RFB-NJK |
| Plaintiff, | ORDER |
| v. | |
| CVS PHARMACY, INC., *et al.*, | |
| Defendants. | |

Before the Court are Defendant CVS Pharmacy, Inc.'s ("CVS") Motion for Entry of Judgement (ECF No. 54) and Motion for Summary Judgment (ECF No. 57) as well as Plaintiff's failure to prosecute this action. Because the Court dismisses the case *sua sponte*, it denies both CVS' Motion for Summary Judgement and Motion for Entry of Judgement as moot.

I.  FACTUAL ALLEGATIONS[1]

Plaintiff Dr. Thomas Sharon is a licensed and board-certified advanced registered nurse practitioner in Nevada. He has a CII license to prescribe medications containing controlled substances. Over the two years immediately preceding the filing of the Complaint, Dr. Sharon treated numerous patients with COVID-19 and similar viruses that manifest with cold and flu symptoms. Dr. Sharon issued prescriptions for many of these patients. Certain of those patients exhibited symptoms warranting prescriptions for cough medicine that contains Codeine and/or other controlled substances. All such prescriptions were issued by Dr. Sharon in a manner consistent with longstanding and well-accepted medical guidelines. Some of those prescriptions

---

[1] As no Amended Complaint has been filed, for context the Court summarizes the factual allegations made in the initial Complaint (ECF No. 1) here.

have been filled by Dr. Sharon's patients at CVS pharmacies in Nevada and elsewhere.

In September 2021, CVS contacted Dr. Sharon's office, leaving a message indicating they wished to discuss the volume of Promethazine with Codeine prescriptions that had been written by Plaintiff. Dr. Sharon contacted CVS and explained the increased frequency of these prescriptions were due to the increased number of COVID-19 patients. Subsequently, CVS determined without any further support, that the prescription rate was too high and CVS's representatives advised Plaintiff that CVS would monitor his prescriptions.

Approximately 60 days later, contrary to its representation that it would simply monitor Dr. Sharon's prescriptions, and without any further communication or warning, CVS instituted a company-wide block of any prescription written by Dr. Sharon containing a controlled substance. Plaintiff subsequently learned that CVS informed its pharmacists in the Las Vegas area that Sharon is not licensed to write prescriptions for controlled substances.

## II.   PROCEEDURAL HISTORY

Dr. Sharon filed a Complaint in the Nevada Eighth Judicial District Court for Clark County on February 8, 2022, which was removed to this Court by CVS on March 14, 2022. ECF No. 1. The Complaint alleged six causes of action: Negligence ("first cause of action"), Intentional Interference with Economic Relations ("second cause of action"), Intentional Interference with Prospective Economic Advantage ("third cause of action"), Civil Conspiracy ("fourth cause of action"), Slander *per se* (labeled "seventh cause of action"), and Injunctive Relief (labeled "eighth cause of action"). Id. On March 4, 2022, Defendants filed a Motion to dismiss, which was fully briefed. ECF Nos. 6, 8, 10. On August 10, 2022, Plaintiff's attorney filed a Motion to Withdraw, which the Court granted on August 23, 2022. ECF Nos. 22, 27. On September 22, 2022, Plaintiff filed a declaration with the Court stating his intent to proceed *pro se*. ECF No. 28. The same day, Plaintiff consented to electronic service. ECF No. 29.

On September 23, 2022, this matter was reassigned to Judge Richard F. Boulware, II. ECF No. 30, 31. On October 19, 2022, Defendant CVS Pharmacy, Inc. filed the instant First Motion for Leave to File Document, seeking to supplement the Motion to Dismiss with authority from Reiner v. CVS Pharmacy, Inc., et al., Case No. 2:22-cv-00701-RFB-EJY. ECF Nos. 39, 40.

Plaintiff filed a Response on November 8, 2022. ECF No. 41.

On March 24, 2023, the Court held a hearing regarding the pending motions. ECF No. 52. The Court dismissed with prejudice Plaintiff's first cause of action for Negligence, fourth cause of action for Civil Conspiracy, and fifth cause of action for injunctive relief without leave to amend. Id. The Court dismissed the remaining causes of action (i.e., the second, third, and seventh) without prejudice. Id. The Court ordered Plaintiff to file any amended complaint by April 10, 2023. Id.

On May 3, 2023, CVS moved for judgement to be entered as Plaintiff failed to file an amended complaint. ECF No. 54. No response was filed by Plaintiff. On May 9, 2023, CVS moved for summary judgement. ECF No. 57. No response was filed by Plaintiff.

### III.    LEGAL STANDARDS

District courts have inherent power to control their dockets. Thompson v. Housing Auth. of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). In the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal. Id. (citing Link v. Wabash R.R. Co., 370 U.S. 626, 628 (1961). A Court may dismiss *sua sponte* or on the motion of a Defendant under Federal Rule of Civil Procedure 41(b). Link v. Wabash R. Co., 370 U.S. 626, 633 (1962); Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). Dismissal is a harsh remedy, however, and should only be imposed in "extreme circumstances." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992); Henderson, 779 F.2d at 1424. In cases of *sua sponte* dismissal, there is a "closer focus" on the consideration of less drastic alternatives and the provision of a warning of imminent dismissal. Oliva, 958 F.2d at 274. Though the lack of a warning or an adversary hearing does not necessarily render dismissal void. Link, 370 U.S. at 632.

## IV. DISCUSSION

The Court addresses first Plaintiff Dr. Sharon's failure to comply with this Court's March 24, 2023, instruction, before turning to Defendant CVS' Motion for Judgement and Motion for Summary Judgment. For the reasons below, the Court finds Plaintiff's remaining claims should be dismissed with prejudice and Defendant's motions denied as moot.

### A. Dismissal Under Inherent Powers

While Dr. Sharon is proceeding *pro se*, he nevertheless bears the responsibility of prosecuting this case with due diligence. The Court finds that the relevant factors counsel dismissal of the action *sua sponte* for a failure to prosecute and a failure to obey a Court order. See Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir. 1990).

The Complaint was dismissed at the hearing held on March 24, 2023. The Court provided leave to amend and clear instructions regarding the deficiencies in the Complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) ("[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."). At that March 24, 2023, hearing, the Court explained the situation clearly in the following colloquy:

> THE COURT: I want you to listen carefully Dr. Sharon, to what I'm about to tell you, because this is how I'm going to rule based on what I've heard. I am going to grant the motion to dismiss as it relates to the negligence claim and the civil conspiracy and the injunctive relief claims. . . . However, I'm going to allow you to amend your complaint as it relates to the intentional interference claims and the slander claim. . . . Dr. Sharon, what that means is you're going to amend your complaint. I will give you two weeks to do that. Is that enough time?
>
> PLAINTIFF: I believe so. I just have to remove those portions of the complaint that Your Honor has - -
>
> THE COURT: No, no. I want to be clear, Dr. Sharon. You need to . . . let me be more clear, the remaining claims, right.
>
> PLAINTIFF: Yes, sir.
>
> THE COURT: I am granting the motion to dismiss for those claims without prejudice, and let me go through them. As it relates to the slander

|   |   |   |
|---|---|---|
| | | claim, right, there's insufficient detail as it relates to who made the statements in the complaint as filed. So to the extend you amend, you need to provide more specificity, which you've indicated that you can do. The same - - |
| | PLAINTIFF: | Yes, sir. |
| | THE COURT: | The same must occur for the intentional interference claims. You must provide specific detail as to how this alleged conduct interfered with very specific prospective economic advantages and specific contracts. . . . So, I will give you until April 10th to file the amended complaint. |

The Court made the requirement to file an amended complaint abundantly clear to Dr. Sharon. The Court finds from the record that Plaintiff failed to file an amended complaint by the April 10, 2023, deadline. Following the deadline, CVS filed a Motion for Judgement basis that Dr. Sharon's failure to comply with this Court's order. The Court finds from the record that Plaintiff failed to respond to this Motion. Finally, the Court finds that Dr. Sharon has failed to file any submissions or prosecute this action since March 24, 2023. The Court has confirmed that the Clerks Office of this district has received no physical or electronic filings from Dr. Sharon.

As a threshold matter, the Court must determine how to treat an unfiled amended complaint. In motions over the last year, CVS alerted the Court that it received emails from Dr. Sharon on May 16 and May 22, 2023. CVS provided exhibits of its records of these emails. The purported May 16th email reads:

> Please receive my answer to the defense motion for entry of judgement. I filed my amended complaint on 4/10/23. The amended complaint was not posted to the court's document file. The defense attorneys were under the erroneous assumption that I had not filed the amended complaint.

This message was sent to "cmecf@nvd.uscourts.gov" and opposing counsel and includes attachments "motion in opposition.docx," "Exhibit A.pdf," and "Exhibit B.docx." Shortly after receiving notice from CVS of Dr. Sharon's email but failure to actually file an amended complaint, the Court issued a Minute Order stating "Plaintiff is ORDERED to file an amended complaint by May 29, 2023." In the May 22d email, Dr. Sharon is alleged to have said:

> With all due respect to the court, I, as plaintiff pro se, did file my amended complaint on April 18, 2023[,] as was ordered on March 24, 2023. However,

- 5 -

> since the court was not aware of my timely filing for reasons unknown, I am resubmitting my amended complaint in[ ]compliance with the order dated May 22, 2023.

This message was sent to "cmecf@nvd.uscourts.gov" and opposing counsel, and included a filed named "amendd complaint dated 4-10-23.docx" as an attachment.

The Court reiterates that on September 22, 2022, Dr. Sharon filed a declaration stating his intent to proceed *pro se* and "comply with all requirements and procedures to continue [his] pursuit of justice." That day, Dr. Sharon filed a Consent for Electronic Service of Documents. That document includes the correct email address for filings for this Court as well instructions to register for the Public Access to Court Electronic Records ("PACER"). Following this date, the Court finds from the record that Dr. Sharon successfully filed several submissions on the docket. There are several ways to file documents with this Court, including, as instructed by the instructions on the Consent for Electronic Service of Documents form signed by Dr. Sharon, to "lv_public_docketing@nvd.uscourts.gov." The email "cmecf@nvd.uscourts.gov" is an unmonitored email used to send automated notifications. Information on how to file is also publicly available in multiple places on the District of Nevada's website. See, e.g., U.S. Dist. Ct. Dist. Nev. ("DNV"), Self Help FAQ, https://www.nvd.uscourts.gov/self-help/self-help-faq/; DNV, E-Filing Permission, https://www.nvd.uscourts.gov/e-filing-permission/; DNV, Self Help Portal, https://www.nvd.uscourts.gov/self-help-portal/. Further, Dr. Sharon had access to the public-facing Chambers Practices document provides the phone number and email of the Courtroom Administrator to contact "[f]or docketing . . . matters" as well as a telephone number for Chambers or urgent matters. DNV, Richard F. Boulware II, https://www.nvd.uscourts.gov/court-information/judges/judge-richard-f-boulware/ (navigate to attachments at the bottom of the biography section and select the "Chambers Practices" file).

Proper filing is essential. It ensures the Court and the Parties have access to an accurate, authenticated, and timely record of the case. As it stands, the Court lacks any filings from Dr. Sharon, including his input from briefing the pending motions. The Court only has access to the purported amended complaint because it was furnished by opposing counsel—and the Court is

unable to authenticate or rely on that as it would a properly filed complaint. The Court is not even able to confirm that "amendd complaint dated 4-10-23.docx" was the same file as the file that Dr. Sharon represents in the May 22d email. Unfortunately for Dr. Sharon, the Court has no way to ascertain whether he attempted to file a timely amended complaint and what the contents of such a complaint would be.

With this factual basis established, the Court turns to consider the appropriate sanction for Dr. Sharon's manifest failure to prosecute this action despite the Court's clear instruction and order on March 24, 2023.

First, the public's interest in expeditious resolution always favors dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999), superseded by statute on other grounds; Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990) (finding a failure to prosecute for almost four months weighing in favor of dismissal). The Court finds from the record that Plaintiff's last appearance in this matter was at the March 24, 2023—nearly 300 days before this order. Plaintiff's failure to prosecute the case for nearly a year strongly weighs for dismissal.

Second, it is incumbent upon the Court to manage its docket without being subject to the noncompliance of litigants. Pagtalunan, 191 F.3d at 642 (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992); see also Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward . . . disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." Despite instructions and multiple warnings, Dr. Sharon has failed for over a year to satisfy his basic obligation to provide a pleading. Therefore, the Court's interest in managing litigants who fail to prosecute their case in a timely manner weighs for dismissal.

Third, where a plaintiff's actions create unreasonable delays and impairs a defendant's ability to proceed to trial. See Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987) (citing Rubin v. Belo Broad. Corp., 769 F.2d 611, 618 (9th Cir. 1985)); Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Here, there has been no operative complaint for nearly a year. As discussed above, Dr. Sharon had ample notice of the issue and multiple opportunities to

correct his error. Further, the Court finds that CVS has not had the opportunity to effectively file dispositive motions and prepare for trial. Accordingly, this factor strongly weighs for dismissal.

Fourth, usually the public policy favoring disposition on the merits weighs against dismissal. Pagtalunan, 191 F.3d at 643. In this case, discovery has concluded. The Court finds that, with the action ready for resolution by dispositive motion or trial, this factor weighs against dismissal. In this case though this factor lends little support, since Plaintiff is "a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1228. Indeed, Plaintiff has failed to even provide points and authorities in Opposition to this motion. See also Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.").

Finally, fifth, a district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions. United States v. Nat'l Med. Enters., Inc., 792 F.2d 906, 912 (9th Cir. 1986). Lesser sanctions include formal reprimand, fines, the imposition of costs or attorney fees, or dismissal of the suit pending a condition, such as the acquisition of new counsel. Hamilton, 898 F.2d at 1429 (citing Malone, 833 F.2d at 132 n1. The barriers Dr. Sharon faces are of his own making and he has not demonstrated a willingness to take the proper steps to prosecute this action *pro se*. To date, he has not complied with multiple court orders to file an amended complaint. See Yourish, 191 F.3d at 990 (holding a plaintiff's failure to amend their complaint after its dismissal with leave to amend may be considered a failure to comply with a court order). Even should Dr. Sharon appear and file an appropriate submission, dismissal with prejudice or summary judgement in CVS' favor would appear appropriate.[2]

---

[2] The purported Amended Complaint raises four causes of action: (1) Intentional Interference with Economic Relations, (2) Intentional Interference with Prospective Economic Advantage, (3) Civil Conspiracy, and (4) Slander *Per Se*. The Court already dismissed any Civil Conspiracy claim with prejudice and re-pleading the claim is improper. For the remaining three causes of action, Dr. Sharon has failed to comply with the Court's clear instructions to plead additional facts to support each and, rather, produced a nearly identical document. The only material change made in the purported Amended Complaint supplemented a previous pleading

In sum, the Court finds the factors weigh in favor of dismissing Plaintiff's remaining claims with prejudice.

### B. Motion for Entry of Judgement

CVS' Motion for Entry of Judgement seeks entry of final judgement in favor of CVS on the basis that Dr. Sharon has failed to file an Amended Complaint. In light of the Court's decision above, the Motion is denied as moot.

### C. Motion for Summary Judgement

Because, as discussed above, the is no operative complaint in this matter, the Court is unable to issue an order on summary judgment. The Court will dismiss the pending Motion for Summary Judgment without prejudice.

### V. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's remaining claims are **DISMISSED** with prejudice. The Clerk of Court is instructed to close the case.

**IT IS FURTHER ORDERED** that the Motion for Entry of Judgment (ECF No. 54) and the Motion for Summary Judgement (ECF No. 57) are **DENIED** as moot.

**DATED:** March 11, 2024.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

---

that "CVS improperly . . . conclude[d] that all of Sharon's controlled substance prescriptions were somehow improper or unlawful and communicated those false allegations to Sharon's patients" with "One such slanderous communication was perpetrated by the pharmacy manager known as 'Jake' at the CVS store located at 2855 S. Nellis Blvd Las Vegas, Nevada." This additional detail only directly bears on the Slader Per Se claim and the Court finds it is not the kind of "specific details" the Court specifically instructed Dr. Sharon to provide in any amended complaint. Dr. Sharon provided no additional pleadings regarding the "specific contracts and economic advantages" beyond allusions to unnamed potential patients. The Court has rejected these contentions as providing a basis for relief under the more lenient motion to dismiss standard, and the more stringent motion for summary judgement standard presents an even more serious challenge to Dr. Sharon's claims.